**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

PAT SULLIVAN,
JAMES WORSHAM, and
STARR DAVIS

individually and on behalf of all others
similarly situated

Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.

Defendants.

**COMPLAINT AND JURY DEMAND**

PAT SULLIVAN, JAMES WORSHAM, and STARR DAVIS, individually and on behalf of all others similarly situated as part of a collective pursuant to the FLSA, by and through their counsel, for their Complaint against Defendants DAVITA HEALTHCARE PARTNERS, INC. and TOTAL RENAL CARE INC. (hereinafter referred to as "Defendants") hereby state and allege as follows:

**PRELIMINARY ALLEGATIONS**

1.     Defendants are a Fortune 500 Company that provides a variety of health care services to patients thought the United States and abroad. Defendants specialize in dialysis services for patients with chronic kidney failure and end stage renal disease.

2. Plaintiffs and those similarly situated are non-exempt hourly employees of Defendants. Plaintiffs and those similarly situated are all located within a geographic area designated and defined by Defendants as encompassing the states of Florida and parts of South Carolina, Georgia, and Alabama, and are collectively referred to by Defendants as "Endeavor."

3. Plaintiffs and those similarly situated in the "Endeavor" zone are subject to the same illegal policy and practice of failing to pay workers for all time worked and failing to pay overtime wages. That policy and practice is based, in part, on direct patient care hours per treatment and the calculation of direct patient care hours for each facility established by corporate DaVita that reduces Defendants' patient to staff ratios and require Plaintiffs and those similarly situated to work more hours for which they are not properly compensated.

4. Plaintiffs and those similarly situated were/are not properly paid for all work performed for the benefit of the employer.

5. Plaintiffs and those similarly situated were/are not properly paid for overtime, time and a half, for over forty (40) hours in a workweek.

6. Defendants required Plaintiffs and those similarly situated to clock out for their meal breaks. Plaintiffs and those similarly situated were/are required to perform work-related duties during meal breaks. Plaintiffs and those similarly situated were/are not paid for work-related interruptions that occurred/occur during meal breaks during their shifts wherein they worked more than five consecutive hours. Defendants failed to change Plaintiffs', and those similarly situateds', time records to reflect the additional

time worked on behalf of the employer even when Plaintiffs and those similarly situated requested that their time records be corrected by management.

7. Plaintiffs and those similarly situated were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants failed to change Plaintiffs', and those similarly situateds', time records to reflect the additional time worked on behalf of the employer even when Plaintiffs and those similarly situated requested that their time records be corrected by management.

8. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiffs and those similarly situated as required by federal law because Defendants are not properly recording all hours worked, including overtime.

This cause of action is brought as a collective action pursuant to federal law to recover from Defendants unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees and pre- and post-judgment interest associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiffs and those similarly situated under federal law.

## JURISDICTION AND VENUE

9. Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

10. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs, and

those similarly situated, FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.     Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were/are an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

12.     Alternatively, Plaintiffs and those similarly situated worked in interstate commerce so as to fall within the protections of the FLSA.

13.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a).

## COVERAGE PURUSANT TO THE FAIR LABOR STANDARDS ACT

14.     Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

15.     At all times material hereto, Plaintiffs and those similarly situated were "employees" of Defendants within the meaning of FLSA because they were individuals employed by an employer.

16.     At all times material hereto, Plaintiffs PAT SULLIVAN, JAMES WORSHAM, STARR DAVIS, and those similarly situated were hourly employees eligible for overtime pay.

17. At all times material hereto, Defendants were an "employer" within the meaning of FLSA because Defendants acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

18. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961).

19. At all times material hereto, Defendants were/are an employer because Defendants had the ability to do the following with respect to Plaintiffs and those similarly situated: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

20. Also, at all times material hereto, Defendants were/are an employer because Defendants held exclusive operational control over Plaintiffs and those similarly situated, were solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff and those similarly situated.

21. At all times material hereto, Defendants employed two (2) or more employees.

22. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

23. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

24. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all times material hereto, Defendants gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

26. At all times material hereto, Plaintiffs and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA.

27. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiffs and those similarly situated, at all times material hereto, Plaintiffs and those similarly situated were/are non-exempt.

## PARTIES

28. Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

29. At all times pertinent hereto, individual Plaintiff PAT SULLIVAN resided in the State of Florida with a residential address in Cocoa Beach, FL 32931.

30. At all times pertinent hereto, individual Plaintiff JAMES WORSHAM resided in the State of Florida with a residential address in Miami Beach, FL 33140.

31. At all times pertinent hereto, individual Plaintiff STARR DAVIS resided in the State of Florida with a residential address in Hollywood, FL 33019.

32. At all times material hereto, individual Plaintiff PAT SULLIVAN worked as a non-exempt hourly employee for Defendants as a Technical Trainer.

33. At all times material hereto, individual Plaintiff JAMES WORSHAM worked as a non-exempt hourly employee for Defendants as a Corporate Trainer.

34. At all times material hereto, individual Plaintiff STARR DAVIS worked as a non-exempt hourly employee for Defendants as a Delivery Trainer.

35. At all times material hereto, Plaintiffs and all similarly-situated employees were performing their duties for the benefit of and on behalf of Defendants.

36. Defendants should be in possession of the time entries and wage records for Plaintiffs, individually and collectively, for each and every workweek.

37. Upon information and belief, Defendant DAVITA HEALTHCARE PARTNERS is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

38. Upon information and belief, Defendants TOTAL RENAL CARE, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

39. Defendants are/were employers for the purposes of the FLSA, and are the proper Defendants/employers for the Plaintiffs and other similarly situated, non-exempt workers of Defendants.

## **COLLECTIVE ALLEGATIONS**

40. Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth verbatim.

41. Plaintiffs bring their First Claim for Relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

42. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

43. Plaintiffs individually and on behalf of other similarly-situated employees (hereinafter also referred to as Opt-in Plaintiffs) seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay for all hours worked, including overtime compensation. Plaintiffs also seek relief on a collective basis for any and all retaliation for asserting their rights. The number and identity of other Opt-in Plaintiffs will be determined from the records of Defendants, and potential members may easily and quickly be notified of the pendency of this action.

### **FIRST CLAIM FOR RELIEF**
### **Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**
### **(ALL COLLECTIVE MEMBERS)**

44. Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

45. At all times material herein, Opt-in Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

46. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

47. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

48. Defendants violated the FLSA by failing to pay Opt-in Plaintiffs for all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

49. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

50. Opt-in Plaintiffs were required to clock out by Defendants for their meal breaks, but were/are required to perform work-related duties during meal breaks. Opt-in Plaintiffs were/are not paid for work-related interruptions that occurred/occur during meal breaks during their shifts wherein they worked more than five consecutive hours. Defendants failed to change Plaintiffs' and those Opt-in Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Opt-in Plaintiffs and those similarly situated requested that their time records be corrected by management.

51. Opt-in Plaintiffs were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants

failed to change Opt-in Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Opt-in Plaintiffs requested that their time records be corrected by management.

52. Defendants failed to properly maintain accurate daily records of all hours worked by Opt-in Plaintiffs as required by federal law because Defendants are not properly recording all hours worked, including overtime.

53. Opt-in Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice is in violation of the FLSA.

54. Opt-in Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

55. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Opt-in Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### SECOND CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**
**(PLAINTIFFS, INDIVIDUALLY)**

56. Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA incorporate herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

57. At all times material herein, Plaintiffs, individually, are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

58. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

59. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

60. Defendants violated the FLSA by failing to pay Plaintiffs for all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

62. Defendants required Plaintiffs to clock out for meal breaks.  Defendants also required Plaintiffs to perform work-related duties during meal breaks. Plaintiffs were not paid for work-related interruptions that occurred/occur during meal breaks during their shifts wherein they worked more than five consecutive hours. Defendants failed to change Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Plaintiffs requested that their time records be corrected by management.

63. Plaintiffs were not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants failed to change Plaintiffs' time records to reflect the additional time worked on behalf of the employer.

64. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiffs as required by federal law because Defendants are not properly recording all hours worked, including overtime.

65. Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA.

66. Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

67. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA demand judgment against Defendants, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief requested herein and available pursuant to federal law.

-13-

## **JURY DEMAND**

Plaintiffs and those similarly situated as part of a collective pursuant to the FLSA request a trial by jury on all issues so triable.

DATED: November 16, 2017

Respectfully submitted,

RAMOS LAW

*/s/ Colleen T. Calandra*
Colleen T. Calandra

*/s/ Madison Fiedler Carlson*
Madison Fiedler Carlson

*/s/ Darren Natvig*
Darren Natvig

3000 Youngfield Street
Wheat Ridge, CO 80215
Telephone: (303) 733-6353
Fax Number: (303) 865-5666
Email: colleen@ramoslaw.com
madison@ramoslaw.com
darren@ramoslaw.com

Wilcox Law Firm, LLC

*/s/ Ronald L. Wilcox*
Ronald L. Wilcox
383 Corona Street, #401
Denver, CO 80218
Telephone: (303) 594-6720
Email: ron@wilcox.legal

*ATTORNEYS FOR PLAINTIFFS*