IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-02741-MSK

MYRNA HARRIS,

    Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

    Defendants.
-----------------------------------------------------------

Civil Action No. 17-cv-02742-MSK

MARK TURNER, and
DAISY VENTURA,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

    Defendants.
-------------------------------------------------------------

Civil Action No. 17-cv-02744-MSK-NYW

LILYBETH COPE,

    Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

    Defendants.
-------------------------------------------------------------

Civil Action No. 17-cv-02745-MSK-NYW

PAT SULLIVAN,
JAMES WORSHAM, and
STARR DAVIS,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

    Defendants.
--------------------------------------------------------------

Civil Action No. 17-cv-02747-MSK

LACEY WILSON, and
LAURA BARRY,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

    Defendants.
--------------------------------------------------------------

Civil Action No. 17-cv-02748-MSK-NYW

LORI CLARK,
LESLIE TAYLOR,
SARA CREIGHTON,
LAURA LAMADLINE,
JACOB REEDER,
FERNANDO FUSTERO, and
IDA DANDRIDGE,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and

TOTAL RENAL CARE,

  Defendants.

------------------------------------------------------------------

and

Civil Action No. 17-cv-02749-MSK-NYW

BARBARA COLEMAN,
LAURA STEWART,
LIAN TANG,
DONNA WEATHERBY,
GALE LEE, and
KAREN JUDD,

  Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE,

  Defendants.

___

# OPINION AND ORDER
___

  **THESE MATTERS** come before the Court pursuant to the Defendants' ("DaVita") Motions to Dismiss **(#36** in -2741; **# 30** in -2742; **# 35** in -2744 ; **# 33** in -2745; **# 27** in -2747; **# 36** in -2748; and **# 33** in -2749**)**, the Plaintiffs' responses, and DaVita's replies.  Because the operative Amended Complaints and DaVita's motions in each case are largely identical, the Court finds that a single order is best suited to address the motions in each case.

## FACTS

  The allegations in each of these cases are substantially identical.  The Plaintiffs are employees of DaVita in various capacities.  They generally allege that they were not compensated with premium overtime pay for hours that they worked in excess of 40 per week, in

3

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Although the various Amended Complaints contain conclusory recitations, the pertinent factual averments follow:

- DaVita "allocate[s] a certain number of hours per employee shift, but employees are unable to complete their work within the pre-established time budgeted." *See e.g.* Docket # 24 in -2742, ¶ 8. Employees are then "required to perform their work regardless of how much time it takes." *Id.*, ¶ 7.

- DaVita has "centralized pay policies" used throughout its United States operations. *Id.*, ¶ 9. The Plaintiffs list a variety of these policies – "Patient to Staff Ratios, Anaplan tracking of labor performance, Direct Patient Care budges, [etc.]" – but do not elaborate on what any of these policies do or how they bear on the claims at issue.

- "As an example, over the past three years while employed by the Defendants, during most workweeks the Plaintiffs would work an average of 7[1] hours of overtime for which they were not paid." *Id.*, ¶ 10. No further explanation of this calculation is offered.

- "During the time period applicable to these claims, Plaintiffs and those similarly situated routinely worked in excess of forty hours per workweek without being paid overtime premium[s]." *Id.*, ¶ 46.

The Amended Complaints assert two causes of action: (i) a claim bringing a collective action, on behalf of the named Plaintiff(s) and "others similarly situated" for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b); and (ii) a claim for violation of the FLSA's overtime provisions on behalf of the named Plaintiffs, individually.

---

[1] In other iterations of the Amended Complaint, this figure ranges from as little as 1.5 hours (in case -2741) to as many as 17.26 hours (in case -2748).

4

DaVita moves to dismiss the Amended Complaints for failure to state a claim under Fed. R. Civ. P. 12(b)(6). DaVita argues that: (i) the Plaintiffs fail to identify "what purported policy or practice" by DaVita resulted in the Plaintiffs working overtime hours without compensation; (ii) the Plaintiffs fail to sufficiently "approximate the number of regular and overtime hours allegedly worked"; and (iii) the Plaintiffs fail to identify who is "similarly situated" to them for purposes of bringing a collective action.

## ANALYSIS

### A. Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. The Court takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite

5

elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**B. FLSA claims – Multi-Plaintiff cases**

29 U.S.C. § 207(a)(1) provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Courts generally agree that, at a minimum, an FLSA plaintiff must allege facts showing that he or she worked for more than 40 hours in a workweek and was not paid the requisite premium pay. *See Lundy v. Catholic Health Systems of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Beyond that, opinions have diverged in defining what additional factual averments are necessary to render an FLSA claim "plausible" under the *Twombly/Iqbal* standard.

The Second Circuit requires the plaintiff to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *DeJesus v. HF Management Servs. LLC*, 726 F.3d 85, 89 (2d Cir. 2013). The rule in the First Circuit is slightly different. In *Pruell v. Caritas Christi*, 678 F.3d 10, 13-15 (1st Cir. 2012), the court found that the bare assertion that "[plaintiffs] regularly worked hours over 40 in a week and were not compensated for such time" was insufficient (being "little more than a paraphrase of the statute"), but found that an amendment that combined an allegation that the plaintiffs engaged in "regular work . . . of more than 40 hours a week" plus the assertion that the employer "requires

6

unpaid work through meal breaks due to an automatic timekeeping deduction," those allegations would suffice. In the Ninth Circuit, the standard varies yet again. In *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645-46 (9th Cir. 2014), the Ninth Circuit held that there is no requirement that an FLSA plaintiff "approximate the number of hours worked without compensation," but did require that the plaintiff "allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours."

The 10th Circuit has not addressed the sufficiency of pleading of the FLSA claim in the post-*Iqbal* world. This Court presumes that it would, like its many sister Circuit Courts, conclude that it is not sufficient for a plaintiff to simply offer only conclusory assertions that merely paraphrase the statute. For that reason, an allegation like the one found at ¶ 46 of the Amended Complaints as quoted above fails to satisfy the Plaintiffs' pleading burden, as that allegation similarly simply repeats the statutory requirement. As cases like *Pruell* and *DeJesus* make clear, such a bare assertion does not suffice to plead an FLSA claim.

The Court then turns to the allegations in ¶ 7, 8, 9, and 10 of the Amended Complaint quoted above (or their corresponding paragraph numbers in other iterations). The assertion that DaVita requires the Plaintiffs to complete their work, even if it means exceeding their scheduled shifts (¶ 7, 8), even when read in the context of the allegation that employees cannot complete the assigned work during the established shift is not sufficient because it is shift focused, and the term of a shift is not defined. If a regular shift is 40 hours, and DaVita employees are required to regularly exceed those work times, a violation of the FLSA might be afoot. But if a shift is less than 40 hours per week, even if an employee works longer than the shift, one cannot reasonably infer that the Plaintiffs working more than 40 hours in a week. It appears that DaVita's regular shifts comprise are only 35 hours per week, therefore one cannot reasonably assume that, even if

DaVita requires employees to perform some unspecified amount of work beyond 35 hours, that this exceeds 40 hours in a given week. Likewise, the mere listing of DaVita policies in ¶ 9, without any elaboration as to how those policies work or how they bear on the length of an employees workweek, contributes nothing to the Plaintiffs' FLSA claims.

That leaves the allegations of ¶ 10: that over a three-year period, "during most workweeks the Plaintiffs would work an average of [X] hours of overtime for which they were not paid." This allegation is particularly curious in those cases with multiple Plaintiffs appear. For example, in case -2749, there are six named Plaintiffs who apparently worked in five different jobs, some of which were admittedly FLSA-exempt.[2] The allegation is that these Plaintiffs "would work on average 8.1 hours of overtime" without qualification or explanation. The vagueness of this assertion is problematic for several reasons. To begin with, the Plaintiffs apparently concede that Ms. Coleman, and perhaps Ms. Lee, spent some of their working time on tasks that are FLSA-exempt. However, it is not clear from the allegation in ¶ 10 that the calculations exclude such exempt time. The problem is compounded by the fact that the assertion presents an average – which by definition excludes outliers. Thus, it is possible that Ms. Coleman spent 80 hours per week working as an exempt Facility Administrator, and an additional 10 hours per week working as a non-exempt Registered Nurse, all at standard pay rates. If the remaining Plaintiffs worked only 40 hours per week each, one could say that on average, all six Plaintiffs worked 8.3 hours of overtime each week. But, under the facts presented, none of the Plaintiffs (including Ms. Coleman) would have a cognizable FLSA claim for unpaid overtime.

---

[2] Ms. Coleman, Ms. Judd, and Ms. tang all worked as Registered Nurses. Ms. Lee and Ms. Stewart worked as Patient Care Technicians. Ms. Weatherby worked as a Licensed PracticalNurse. Ms. Lee also worked as "an Administrative," and Ms. Coleman sometimes worked as an FLSA-exempt Facility Administrator.

This problem arises even where none of the named Plaintiffs worked in an exempt capacity. Some named Plaintiffs might have colorable FLSA claims for unpaid overtime, but others might not. For example, in case -2747, there are only two Plaintiffs, Ms. Wilson (an Accounts Payable Specialist) and Ms. Barry (a Registered Nurse). Paragraph 10 of their Amended Complaint alleges that they averaged 2.5 hours of overtime per week. It is entirely possible for this statement to be true if Ms. Barry worked 45 hours per week and Ms. Wilson worked only 40. In such circumstances, Ms. Barry would have a colorable FLSA claim, but Ms. Wilson would not. Or, it is possible that the opposite circumstances exist – Ms. Wilson has a colorable claim and Ms.Barry does not. By merging all named Plaintiffs into a single allegation of average overtime hours, the Plaintiffs fail to state cognizable claims on behalf of each Plaintiff. Thus, regardless of what pleading standard the 10th Circuit might apply, in the multi-Plaintiff cases, the allegations of ¶ 10 (or its equivalents) are insufficiently specific to state an FLSA claim. Accordingly, the Court grants DaVita's motions to dismiss in those cases, and those Amended Complaints are dismissed.[3]

### C. FLSA claims – Single Plaintiff cases

That leaves the two single-Plaintiff claims, cases -2741 and -2744. Here, the Court will, solely for purposes of this Opinion, assume that DaVita is correct that *DeJesus* provides the proper pleading standard. To repeat, *DeJesus* requires an employee to allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 726 F.3d at 88. The second half of that requirement – an assertion that an employee worked "some

---

[3] The Plaintiffs have not requested, and the Court does not *sua sponte* grant, leave to the Plaintiffs in these cases to amend their complaints. DaVita previously moved on Rule 12(b)(6) grounds to dismiss the original Complaints in each of these cases, raising essentially the same arguments herein, and the Plaintiffs responded to those motions with the instant Amended Complaints. The Court thus assumes that the instant pleadings reflect the Plaintiffs' best efforts to plead their FLSA claims.

uncompensated time" -- is satisfied by the allegations in ¶ 10 that Ms. Harris (in -2741) worked "on average 1.5 hours of overtime" per week without receiving premium pay, and that Ms. Cope (in -2744) worked 5 hours per week.  Admittedly, neither ¶ 10 nor any other portion of the Amended Complaints expressly asserts that these Plaintiffs actually worked 40 hours in a given week.  But the Plaintiffs' use of the term "overtime" in ¶ 10 can be reasonably understood to refer to "time in excess of 40 hours per week," leading to the natural inference that if Ms. Harris or Ms. Cope worked 1.5 – 5 hours of "overtime" per week, they first worked a full 40 hours in those weeks.  Accordingly, giving the Amended Complaints the deference required at the Rule 12 stage, the Court finds that Ms. Harris and Ms. Cope sufficiently state a claim under the FLSA.

The Court rejects the remainder of DaVita's arguments.  Although it is true that the Amended Complaints of Ms. Harris and Ms. Cope fail to tie their overtime hours to any particular policy or practice of DaVita, no authority compels them to identify such a connection.  Nor do concerns about the sufficiency or specificity of collective action definitions bear on the question of whether the Amended Complaints should be dismissed under Rule 12(b)(6).  Rather, these are issues to be addressed when further proceedings relating to the collective action allegations are sought.

Accordingly, the Court **GRANTS** DaVita's Motions to Dismiss as follows: **# 30** in case -2742; **# 33** in case -2745; **# 27** in case -2747; **# 36** in case -2748; and **# 33** in -2749.  The Amended Complaints in cases – 17-cv-2742; 17-cr-2745; 17-cv-2747; 17-cv-2748; and 17-cv-

2749 are **DISMISSED** and the Clerk of the Court shall close those cases.  The Court **DENIES** DaVita's Motions to Dismiss in case -2741 **(# 36)** and in -2744 **(# 35)**.

Dated this 22nd day of June, 2018.

                                                    **BY THE COURT:**

                                                    Marcia S. Krieger
                                                 Chief United States District Judge